IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, ) | No. C 07-5578 SBA (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF SERVICE** |
| v. ) | |
| ) | |
| G. ZAVALA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Garrison S. Johnson, a state prisoner currently incarcerated at the California Correctional Institution (CCI) in Tehachapi, California, filed this pro se civil rights action under 42 U.S.C. §§ 1983 and 1985 asserting violations of his constitutional rights against Defendants A. Hedgpeth, G. Zavala, M. Williams, D. Wikoff, A. A. Lamarque, N. Grannis, L. E. Scribner, K. Traynham and F. Winn. Plaintiff's motion for leave to proceed in forma pauperis has been granted.

Venue is proper because a substantial part of the events giving rise to the action occurred at Salinas Valley State Prison (SVSP) in Soledad, California, which is located in this judicial district. See 28 U.S.C. § 1391(b). The Court now reviews the claims raised in Plaintiff's complaint.

**STANDARD OF REVIEW**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

**DISCUSSION**

**I.   Background**

In the instant action, Plaintiff alleges violations of his First Amendment and due process rights for being transferred to a "higher security level prison facility," as well as claims of conspiracy. (Compl. at 11-13.) This action is virtually identical Plaintiff's prior action, Johnson v. Hedgpeth, Case no. C 04-1939 SBA (PR). In Case no. C 04-1939 SBA (PR), the Court ordered service of Plaintiff's claims, and Defendants moved to dismiss because Plaintiff failed to exhaust his administrative remedies within the prison system before filing suit. Plaintiff filed an opposition. The Court granted Defendants' motion to dismiss, dismissing the action without prejudice.

Plaintiff alleges that he has since exhausted his administrative remedies as to the claims he raised his prior action; therefore, he re-filed his complaint. Thus, the instant action was opened.

The following facts are derived from the Court's service order reviewing the amended complaint filed in Case No. C 04-1939 SBA (PR):

> On April 7, 2003, Plaintiff filed a civil suit against Defendant Williams with the Monterey County Superior Court, alleging "professional negligence, malpractice, and deliberate indifference to Plaintiff's serious medical needs." (Am. Compl. at 4.)
>
> On or about September 10, 2003, Plaintiff alleges that Defendant Williams retaliated against Plaintiff for filing the lawsuit against her "by persuading Defendant Zavala to transfer Plaintiff to a higher level security prison facility [and] claiming that Plaintiff can not [sic] receive appropriate mental health treatment at the same facility where defendant Williams is assigned . . . due to the lawsuit he filed against her." (Id.) He claims that on September 10, 2003, "per an agreement between Defendant Zavala and Defendant Hedgpeth," he was transferred from SVSP's Facility B to SVSP's Facility C, a "higher security level facility."[1] (Id. at 4-5.) He alleges that "Defendant Zavala deprived Plaintiff of procedural due process when he failed to give written notice prior to Plaintiff's involuntary transfer" and that Defendants "failed to hold a classification hearing regarding involuntary transfer to a higher security level prison facility. . . ." (Id.)
>
> Plaintiff further alleges that Defendants retaliated against him "for exercising his constitutional rights to file a lawsuit." (Id. at 5.)

(Jan. 12, 2007 Order of Service in Case No. C 04-1939 SBA (PR) at 2-3 (footnote in original).)

---

[1] Plaintiff claims that more restrictions are imposed on inmates that are held in SVSP's Facility C, for example: (1) Facility C inmates are only allowed access to the recreation yard two or three times a week; (2) Facility C inmates are not allowed to participate in "dayroom activities" and "[are] confined to [their] cell more so" than those in Facility B; and (3) Facility C inmates can only use "filter ink-pen[s] without the casing, [which] make[s] legal preparation difficult." (Am. Compl. at 6.)

1  Plaintiff also claims "Defendants Scribner, Wikoff, Traynham and Winn conspired with
2 Defendants Williams, Zavala and Hedgpeth for the purpose of retaliating against Plaintiff for
3 exercising his constitutional right to file a lawsuit and the retaliatory action did not advance
4 ligitimate [sic] penological goals, such as preserving institutional order and discipline." (Compl. at
5 11.)
6  In his prior action, Plaintiff sought both injunctive relief and monetary damages. Here,
7 Plaintiff seeks declaratory relief and monetary damages. (Id. at 13.)

**II.    Legal Claims**

**A.    Due Process**

10 Plaintiff alleges that Defendants transferred him to SVSP's Facility C, which he claims is a
11 "higher security level prison facility." (Compl. at 8.) He alleges that he was not given written notice
12 prior to the transfer. He further alleges that Defendants failed to hold a classification hearing before
13 his "involuntary" transfer to a housing unit with a higher security level. (Id. at 7.) Plaintiff also
14 contends that Defendants Winn and Traynham deprived Plaintiff of procedural due process when
15 they approved Defendants Zavala's and Hedgpeth's request to transfer Plaintiff to Facility C "without
16 providing written notice prior to the transfer," and without holding a classification hearing in order to
17 "allow Plaintiff to appear before a classification committee regarding [the] transfer." (Id. at 8-9.)
18 Liberally construed, Plaintiff has stated a cognizable due process claim against Defendants
19 Hedgpeth, Zavala, Winn and Traynham. See Sandin v. Conner, 515 U.S. 472, 487 (1995); Wolff v.
20 McDonnell, 418 U.S. 539, 564, 566, 570 (1974) (describing process due in prison disciplinary
21 proceedings).

**B.    Retaliation**

23 Prisoners may not be retaliated against for exercising their right of access to the courts.
24 Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). Retaliation by a state actor for the
25 exercise of a constitutional right is actionable under § 1983, even if the act, when taken for different
26 reasons, would have been proper. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84
27 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic
28 elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because
of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

3

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). The prisoner also must allege the defendants' actions caused him some injury. Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

In his complaint, Plaintiff alleges that he was retaliated against by Defendant Williams, who he alleges persuaded Defendant Zavala to transfer Plaintiff to a higher level security prison facility because Plaintiff filed a lawsuit against Defendant Williams. (Compl. at 7.) Liberally construed, Plaintiff states a cognizable retaliation claim against Defendant Williams. His allegations, liberally construed, also state a cognizable claim that his First Amendment rights were violated because he was placed in SVSP's Facility C by Defendants Zavala, Hedgpeth, Winn and Traynham in retaliation for his filing the lawsuit against Defendant Williams.

### C.    **Conspiracy**

Plaintiff alleges that prison officials violated his rights under 42 U.S.C. § 1985, which proscribes conspiracies to interfere with certain civil rights. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). A cause of action under § 1985(3) arises when two or more persons conspire to deprive another of equal protection of the laws or of equal privileges and immunities under the laws. 42 U.S.C. § 1985(3). This requires a showing of some racial or class-based discrimination. See Kush v. Rutledge, 460 U.S. 719, 724-26 (1983). The elements of a claim under the first clause of § 1985(3) are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000).

To establish the defendants' liability for a conspiracy, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights. See Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999). "The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of

4

harming another which results in damage." Id. (internal quotations and brackets omitted). The agreement need not be overt and may be inferred on the basis of circumstantial evidence such as the defendants' actions. See id. To be liable, a participant in the conspiracy need not know the exact details of the plan, but must at least share the common objective of the conspiracy. See id. at 1302. "'[A] mere allegation of conspiracy without factual specificity is insufficient.'" Johnson v. California, 207 F.3d 650, 655 (9th Cir. 2000) (quoting Karim-Panahi, 839 F.2d at 626) (addressing claims under 42 U.S.C. § 1985(3)).

Liberally construed, Plaintiff's allegations that Defendants Winn and Traynham conspired with Defendants Williams, Zavala and Hedgpeth for the purpose of retaliating against him for exercising his constitutional rights to file a lawsuit, sufficiently state a cognizable conspiracy claim against Defendants Williams, Zavala, Hedgpeth, Winn and Traynham.

However, Plaintiff does not state a claim of conspiracy with respect to the remaining defendants, including Defendants Wikoff and Scribner. The only factual allegation regarding them, which is far from sufficient, is that on October 12, 2003 and January 20, 2004, Defendants Wikoff and Scribner, respectively, denied his 602 appeal. Therefore, Plaintiff concludes that they "conspired with Defendants Williams, Zavala and Hedgpeth for the purpose of retaliating against Plaintiff for exercising his constitutional rights to file a lawsuit . . . ." (Compl. at 10-11) Plaintiff does not establish Defendants Wikoff's or Scribner's liability for a conspiracy because his allegations fail to demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights. See Mendocino, 192 F.3d 1283, 1301. In order to state a cognizable claim against Defendants Wikoff and Scribner, Plaintiff must allege more than that they denied his 602 appeal at different levels of the administrative grievance process. He must show they were personally involved in the acts of conspiracy Plaintiff describes and, equally important, what they personally did, or failed to do, that makes them liable for conspiracy. Plaintiff's mere allegations of conspiracy without factual specificity is insufficient to state a cognizable claim against these defendants. See Johnson, 207 F.3d at 655. Plaintiff, however, will be given leave to amend his claim that Defendants Wikoff and Scribner conspired against him, in order to cure this deficiency, if he can do so in good faith.

**D.   Supervisory Liability**

5

Plaintiff's other allegations regarding Defendants Lamarque and Grannis as supervising officials are insufficient to link them to his claims of constitutional violations.

"A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)). Supervisory liability exists even without overt personal participation in an offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Id. at 1447 (internal quotation marks and citations omitted). But under no circumstances is there respondeat superior liability under § 1983. That is, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Vill., 723 F.2d 675, 680-81 (9th Cir. 1984).

Under general principles of § 1983 liability, "an individual may recover only when that individual's federal rights have been violated." Quintanilla v. City of Downey, 84 F.3d 353, 356 (9th Cir. 1996). A supervisor cannot be held liable under § 1983 where no injury or constitutional violation has occurred. Jackson v. City of Bremerton, 268 F.3d 646, 653-54 (9th Cir. 2001).

Plaintiff has not alleged facts sufficient to state a claim for supervisory liability against Defendants Lamarque and Grannis. See Redman, 942 F.2d at 1446. Therefore, the claims against them based on supervisory liability will be dismissed with leave to amend in order to cure this deficiency, if he can do so in good faith.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     Plaintiff has stated a cognizable due process claim against Defendants Hedgpeth, Zavala, Winn and Traynham.

2.     Plaintiff states a cognizable retaliation claim against Defendants Williams, Hedgpeth, Zavala, Winn and Traynham.

3.     Plaintiff states a cognizable conspiracy claim against Defendants Williams, Hedgpeth, Zavala, Winn and Traynham. Plaintiff does not state a cognizable claim of conspiracy with respect

6

to Defendants Wikoff and Scribner; therefore, his claim of conspiracy against them is DISMISSED WITH LEAVE TO AMEND.

4.  Plaintiff has not alleged facts sufficient to state a claim for supervisory liability against Defendants Lamarque and Grannis; therefore, the claims against them based on supervisory liability will be DISMISSED WITH LEAVE TO AMEND.

5.  Within **thirty (30) days** of the date of this Order Plaintiff may file amended conspiracy and supervisory liability claims (Plaintiff shall resubmit only those claims and not the entire complaint) as set forth above in Sections II(C) and (D) of this Order.  The failure to do so will result in the dismissal without prejudice of the conspiracy claims against Defendants Wikoff and Scribner as well as the supervisory liability claims against Defendants Lamarque and Grannis.

6.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the complaint and all attachments thereto (docket no. 1) and (2) this Order upon: **SVSP Psychologist M. Williams, SVSP Correctional Captain G. Zavala, SVSP Correctional Captain A. Hedgpeth, SVSP Correctional Sergeant K. Traynham and SVSP Correctional Counselor F. Winn**.  The Clerk shall also mail copies of these documents to the California State Attorney General's Office.  Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

7.  In order to expedite the resolution of this case, the Court orders as follows:

a.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary

> judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.     If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

      d.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

8

Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 9/4/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Johnson5578.Service.frm 9

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GARRISON S JOHNSON,

        Plaintiff,

  v.

G ZAVALA et al,

        Defendant.

Case Number: CV07-05578 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Garrison S. Johnson D59672
California Correctional Institution
P.O. Box 1906
Tehachapi, CA 93581

Dated: September 8, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Johnson5578.Service.frm10