RECEIVED
SEP 1 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name  Johnson           Garrison           S
      (Last)             (First)            (Initial)

Prisoner Number  D59672

Institutional Address  California Correctional Institution
P.O. Box 1906 Tehachapi, CA 93581

========================================================================

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Garrison S. Johnson
(Enter the full name of the
plaintiff in this action)

vs.

G. Zavala, et al.,

_____

_____

(Enter the full name of the
defendant(s) in this action)

Case No. CV-07-5578 SBA (PR)
(To be provided by the clerk
of court)

COMPLAINT UNDER THE CIVIL
RIGHTS ACT, 42 U.S.C § 1983
FRIST AMENDED COMPLAINT

(✓) DEMAND FOR JURY TRIAL
(__) NO JURY TRIAL DEMAND
     (check one only)

All questions on this complaint form must be answered in order for your action to proceed.

I.   Exhaustion of Administrative Remedies

    Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

1

A. Place of present confinement <u>Tehachapi, California</u>

B. Is there a grievance procedure in this institution?
YES (X)    NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?    YES (X)    NO ( )

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal <u>Log # SVSP-C-03-03688 Denied 10-21-2003</u>

2. First formal level <u>Supra Denied 11-21-2003</u>

3. Second formal level <u>Supra Denied 1-20-2004</u>

4. Third formal level <u>Supra Denied 6-16-2004</u>

E. Is the last level to which you appealed the highest level of appeal available to you?    YES (X)    NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _____

II. <u>Parties</u>

Write your name and your present address. Do the same for additional plaintiffs, if any.

A. <u>Garison S. Johnson D59672 California Correctional</u>

2

Institution P.O. Box 1906 Tehachapi, California 93581

Write the full name of each defendant, his or her official position, and his or her place of employment.

B. See Attached Pages 5-6.

III. Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

See Attached Pages 7-11.

3

IV. Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

See Attached Pages 11-13.

DATED: 9/7/08

(Plaintiff's signature)

<u>PARTIES</u>

1. Plaintiff Garrison S. Johnson, is a prisoner in the custody of the California Department Of Corrections and Rehabilitation, Inmate # D59672, and at all relevent times mention herin was a resident at the Salinas Valley State Prison (SVSP) P. O. Box 1050 Soledad, CA 93960.

2. Defendant G. Zavala, is a Correctional Captain at the Salinas Valley State Prison, P.O. Box 1050 Soledad, CA 93960, and is sued in his individual capacity.

3. Defendant A. Hedgpeth, is a Correctional Captain at the Salinas Valley State Prison P.O. BOX 1050 Soledad, CA 93960, and is sued in his individual capacity.

4. Defendant M. Williams, is a Psychologist at the Salinas Valley State Prison P.O. Box 1050 Soledad, CA 93960, and is sued in her individual capacity.

5. Defendant D. Wikoff, is a Correctional Sergeant at the Salinas Valley State Prison, P.O. Box 1050 Soledad, CA 93960, and is sued in his individual capacity.

6. Defendant Anthony A. La Marque, was the Warden at the Salinas Valley State Prison, P.O. Box 1050 Soledad CA 93960, and is sued in his individual capacity.

7. Defendant N. Granmis, Cheif Inmate Appeal Branch at the Department Of Corrections, P.O. Box 942885 Sacramento, CA 94283-0001, and is sued in her individual capacity.

8. Defendant L. E. Scribner, was Acting Chief Deputy Warden at the Salinas Valley State Prison, P.O. Box 1050 Soledad, CA 93960, and is sued in his individual capacity.

9. Defendant K. Traynham, Correctional Sergeant at the Salinas Valley State Prison, P.O. Box 1050 Soledad, CA 93960, and is sued in her individual capacity.

10. Defendant F. Winn, Correctional Counselor II, at the Salinas Valley State Prison, P.O. Box 1050 Soledad, CA 93960, and is sued in his individual capacity.



## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. On April 7, 2003, plaintiff filed a civil suit with the Montery County Superior Court, Case No. M64367, against Defendant Williams alleging Professional Negligence, Malpractice and Deliberate Indifference to plaintiff's serious medical needs.

12. It is alleged that on or about September 10, 2003 Defendant Williams retaliated against plaintiff for filing the lawsuit against her by persuading Defendant Zavala to transfer plaintiff to a higher level security prison facility, claiming that plaintiff can not receive appropriate mental health treatment at the same facility where Defendant Williams is assigned at due to the lawsuit he filed against her.

13. It is alleged that plaintiff on September 10, 2003 was transferred from SVSP-Facility B to SVSP-Facility C per agreement between Defendant Zavala and Defendant Hedgpeth that they were transferring plaintiff due to a lawsuit plaintiff filed against Defendant Williams.

14. It is alleged that Defendant Zavala deprived plaintiff of procedural due process when he failed to give written notice prior to plaintiff's involuntary transfer.

15. Plaintiff allege that Defendant Zavala deprived him of procedural due process when he failed to allow plaintiff to attend the classification hearing regarding involuntary transfer to a higher security level prison facility and/or failed to hold a classification hearing as required by law.

16. It is alleged that the Defendants retaliation against plaintiff for exercising is constitutional rights to file a law-

suit and the retaliatory action did not advace legitimate penological goals, such as perserving institutional order and discipline.

17. It is alleged that the defendants actions were arbitrary and capricious...Defendants caused plaintiff harm when they transferred him to a higher security level facility for exercising his First Amendment right to file a lawsuit.

18. It is alleged that the (SVSP) Facility B, is a 270 designed prison facility, and the (SVSP) Facility C, is a 180 designed prison facility. In the California Prison System the 180 prison facilities are of higher security level then that of the 270 prison facilities.

19. It is alleged that the 180 facilities are designed for more dangerious inmates who have committed violent acts while in prison, causing them to be sent to a higher security level prison facility.

20. It is alleged that restrictions are imposed on the 180-inmates that are not imposed on the 270 inmates. (1) 270 inmates prison facilities allow inmates access to the recreation yard 5-times a week as oppose to the 180-facilities which only allow access to the recreation yard two to three times a week. (2) The 270 facilities also allow dayroom activities while the 180 facilities dose not. Therefore, plaintiff is confined to his cell more so then when he was at the 270 facility. (3) The 180 facilities only allow filter ink-pens without the casing, making plaintiff's legal preparation difficult.

21. It is alleged that on or about 10/12/03, 11/21/03 and 1/20/04 Defendants Winn and Traynham deprived plaintiff of produral due process when they approved Defendants Zavala and Hedgpeth's

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

1 transferring of plaintiff to the 180 facility without providing
2 written notice prior to the transfer, and failure to hold a class-
3 ification hearing and/or allow plaintiff to appear before a class-
4 ification commitee regarding transfer.

5   22. It is alleged that on 9/11/03 plaintiff filed an Inmate
6 Grievance Appeal adressed to Defendant Lamarque as Supervising
7 Prison Official, informing him that That Defendant Zavala and
8 Defendant Hedgpeth transferred him from the the B Facility to the
9 C Facility for reprisal due to a lawsuit plaintiff had filed against
10 Defendant Williams. Plaintiff requested that Defendant Lamarque have
11 him returned back to the B Facility.

12   23. It is alleged that plaintiff's Grievance Appeal put Defendant
13 Lamarque on notice of the violation of plaintiff's rights and his
14 failure not to do anything to fix the situation, approved Defen-
15 dants Zavala and Hedgpeth's transfer of plaintiff without prior
16 written notice, hold a classification hearing and/or allow plaint-
17 iff to appear at the hearing regarding the transfer deprived
18 plaintiff of his produral due process rights.

19   24. It is alleged that on 1/20/04 Defendant Scribner as Super-
20 vising Official responded to plaintiff's Grievance Appeal at the
21 Second Level Review which he determined not to return plaintiff
22 back to the B Facility because of the lawsuit he filed against De-
23 fendant Williams.

24   25. It is alleged that plaintiff's Grievance Appeal put Defen-
25 dant Scribner on notice of the violation of plaintiff's rights and
26 his failure not to do anything to fix the situation, approved De-
27 fendants Zavala and Hedgpeth's transfer of plainff without prior

written notice, hold a classification hearing and/or allow plaintiff to appear at the hearing regarding the transfer deprived plaintiff of his due process rights.

26. It is alleged that on 10/12/03 Defendant Wikoff responded to plaintiff's Grievance Appeal at the Informal Level Review and determined that it would be inappropriate and unfair to defendant Williams to transfer plaintiff back to the B Facility because of the lawsuit plaintiff filed against her. Defendant Wikoff also stated since plaintiff also filed a lawsuit against Defendant Zavala, it would be equally inappriate to transfer him back to B Facility.

27. It is alleged that Defendant Wikoff deprived plaintiff of procedural due process when he approved Defendants Zavala and Hedgpeth's transferring of plaintiff to the C Facility without providing written notice prior to the transfer, and failure to hold a cassification hearing and/or allow plaintiff to appear before a claasification committee regarding transfer.

28. It is alleged that on 7/16/04 Defendant Grannis as Supervising Official responded to plaintiff Grievance Appeal at the Third Level Review and determined Defendants Zavala and Hedgpeth's transfer of plaintiff to C Facility was not in reprisal for the lawsuit plaintiff filed against Defendant Williams.

29. It is alleged that plaintiff's Grievance Appeal put Defendant Grannis on notice of the violation of plaintiff's rights and her failure not to do anything to fix the situation, approved Defendants Zavala and Hedgpeth's transfer of plaintiff without prior written notice, or hold a classification hearing regarding the

1 transfer deprived plaintiff of due process.

2  30. It it is alleged that defenant Williams was not the only
3 mental health staff assigned to B Facility when plaintiff was tran-
4 sferred to the C Facility.

5  31. It is alleged that when plaintiff was at the B Facility he
6 was also on the case load of a psychiatrist who treated inmates at
7 the B Facility.

8  32. It is alleged that the defendants should not have transferred
9 plaintiff because he could have been treated at the B Facility by
10 his psychiatrist and/or assigned to the case load of another psy-
11 chologist other than Defendant Williams.

12  33. It is alleged that Defendants Scribner,
13 Wikoff, Traynham and Winm conspired with Defendants Williams,
14 Zavala and Hedgpeth for the purpose of retaliating against plaint-
15 iff for exercising his constitutional Right to file a lawsuit and
16 the retaliatory action did not advance ligitimate penological
17 goals, such as preserving institutional order and discipline.

18                    FIRST CLAIM FOR RELIEF

19       ( For First Amendment Violation Against All Defendant)
20  34. Plaintiff hereby incorpirates by reference pargraphs 1.
21 through 33, inclusive, as though fully set forth herein.

22  35. Plaintiff has been deprived of the minimal civilized measures
23 of life necessities because defendants retaliated against him for
24 exercising his constitutional Right to file a lawsuit and the re-
25 taliatory action did not advance legitimate penological goals, such
26 as perserving institutional discipline, and the prison officials
27 actions chilled plaintiff's First Amendment rights.

36. Plaintiff has suffered sever humilation, depression, and emotional distress by reason of the deprivation of his civil rights in an amount subject to proof at trial, but estimated to be in excess of $ 10.000.

<center>SECOND CLAIM FOR RELIEF</center>

( For Fourteenth Amendment Due Process Violation Against All Defendants )

37. Plaintiff hereby incorporates by reference paragraphs 1, through 33, and paragraphs 35, through 36, as though fully set forth herein.

38. Defendants have deprived plaintiff procedural due process when they failed to give prior written notice of involuntary transfer, failed to hold classification hearing as required before transfering plaintiff;

39. Plaintiff has suffered damages by reason of prison officials due process violation, including but limted to humiliation, fear, depression, and emotional distress. Plaintiff damaes are subject to proof at trial, but estimate to be in excess of $ 10. 000.

<center>THIRD CLAIM FOR RELIEF</center>

(For Civil Conspiracy Under 42 U.S.C. § 1983 Violation Against All Defendants)

40. Plaintiff hereby incorporates by reference ~~each~~ and every allegation contained in paragraphs 1, though 33, paragraphs 35, through 36, inclusive, and paragraphs 38 through 39, as though fully set forth herein.

//

1   41. Plaintiff is informed and believes, and based thereon alleges, that defendants conspired between and among themselves to deprive plaintiff of his due process rights, and ~~retaliatx~~ his constitutional right to file a lawsuit without being retaliated against. Defendants actions and inactions were not related to legitimate penological purpose and has harm the psychological safety...of plaintiff.

   42. Plaintiff has suffered damage as a result of the deprivation of his civil rights and the conspiracy engaged in by estimated to be in excess of $ 10.000.

   Wherefore, plaintiff prays for relief as follows:

   1. For declaratory relief that the denial of due process and the retaliation by the prison officials violates the First and Fourteenth Amendment of the United States Constitution;

   2. For ecomomical damage for deprivation of plaintiff's constitutional rights in an amount subject to proof at trial, BUT estimated to be in excess of $ 10.000.

   3. For punitive damages;

   4. For attorney's fees and costs;

   5. For such other and further relief as the court deem just and proper.


------------------------------------------------------------

### VERIFICATION
(optional)

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/07/08                    _____
                                  (Plaintiff's signature)

------------------------------------------------------------

### JURY TRIAL DEMAND
(optional)

I demand a jury trial for all claims for which a jury trial is allowed.

YES (X)        NO ( )    (check one only)

Dated: 9/07/08                    _____
                                  (Plaintiff's signature)

(rev. 11/98)

14