IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>G. ZAVALA, et al.,<br><br>    Defendants. | No. C 07-05578 SBA (PR)<br><br>**ORDER (1) DISMISSING CONSPIRACY CLAIMS AGAINST DEFENDANTS WIKOFF AND SCRIBNER AS WELL AS SUPERVISORY LIABILITY CLAIMS AGAINST DEFENDANTS LAMARQUE AND GRANNIS; AND (2) ADDRESSING PENDING MOTIONS** |

On September 9, 2008, the Court issued an Order of Service. The Court found that Plaintiff had stated a cognizable due process claim against Defendants Hedgpeth, Zavala, Winn and Traynham. The Court also found that Plaintiff had stated cognizable retaliation and conspiracy[1] claims against Defendants Williams, Hedgpeth, Zavala, Winn and Traynham. The Court directed Plaintiff to amend his conspiracy claims against Defendants Wikoff and Scribner as well as his supervisory liability claims against Defendants Lamarque and Grannis. The Court gave Plaintiff until October 6, 2008 to file an amendment to the complaint. He was warned the failure to do so would result in dismissal of his conspiracy and supervisory liability claims without prejudice.

Before the Court are (1) Plaintiff's motion entitled, "Motion for Leave to File an Amended Complaint First Amended Complaint Attached" (docket no. 7); (2) Plaintiff's motion for summary judgment (docket no. 9); and (3) Defendants' motion for an extension of time to file a dispositive motion (docket no. 19).

In his motion for leave to file an amended complaint, Plaintiff seeks to amend his "third claim for relief." (Mot. to Am. Compl. at 1.) He states: "Since the filing of the complaint plaintiff has determined the conspiracy claim should be civil conspiracy under section 1983 of the relief requested and amend to reflect the action of defendants." (Id.) Attached to Plaintiff's motion is his

---

[1] In his original complaint, Plaintiff alleged that prison officials violated his rights under 42 U.S.C. § 1985, which proscribes conspiracies to interfere with certain civil rights. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

1 proposed "First Amended Complaint." It is identical to his original complaint, except that his third
2 claim is labeled "Civil Conspiracy Under 42 U.S.C. § 1983 Violation Against All Defendants."
3 (First Am. Compl. at 12.)

4     A plaintiff may amend his complaint once as a matter of course at any time before a
5 responsive pleading is served. See Fed. R. Civ. P. 15(a). Where a plaintiff seeks to amend after a
6 responsive pleading has already been served, however, the decision whether to grant leave to amend
7 is committed to the sound discretion of the trial court. Waits v. Weller, 653 F.2d 1288, 1290 (9th
8 Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments
9 and, in general, leave shall be freely given when justice so requires. Janicki Logging Co. v. Mateer,
10 42 F.3d 561, 566 (9th Cir. 1994).

11     The Court notes that at the time Plaintiff filed the aforementioned motion, Defendants in this
12 action had been served. However, at that time, they had not yet filed an answer. Plaintiff may as a
13 matter of course amend his complaint before a responsive pleading is filed. See Fed. R. Civ. P.
14 15(a). Furthermore, Defendants have not filed a dispositive motion in this action. Therefore, the
15 Court finds that it is in the interests of justice to allow Plaintiff to file the aforementioned "First
16 Amended Complaint. See Janicki Logging Co., 42 F.3d at 566. Accordingly, Plaintiff's motion for
17 leave to file his First Amended Complaint (docket no. 7) is GRANTED.

18     Because the First Amended Complaint is identical to his original complaint, the Court will
19 only review Plaintiff's amended third claim for conspiracy. Conclusory allegations of a conspiracy
20 which are not supported by material facts are insufficient to state a claim under § 1983. Woodrum v.
21 Woodword County, 866 F.2d 1121, 1126 (9th Cir. 1989). Furthermore, Plaintiff must establish that
22 a constitutional right was violated -- conspiracy, even if established, does not give rise to liability
23 under § 1983 unless there is such a deprivation. Id. Liberally construed, Plaintiff's allegations that
24 Defendants Winn and Traynham conspired with Defendants Williams, Zavala and Hedgpeth for the
25 purpose of retaliating against him for exercising his constitutional rights to file a lawsuit, sufficiently
26 state a cognizable conspiracy claim under § 1983 against Defendants Williams, Zavala, Hedgpeth,
27 Winn and Traynham.

28

1 The Court notes that nowhere in his motion or his "First Amended Complaint" does Plaintiff amend his conspiracy claims against Defendants Wikoff and Scribner, nor does he amend his supervisory liability claims against Defendants Lamarque and Grannis.  The time to file these amended claims has passed, and Plaintiff has failed to do so.  Accordingly, IT IS HEREBY ORDERED that the conspiracy claims against Defendants Wikoff and Scribner as well as the supervisory liability claims against Defendants Lamarque and Grannis are dismissed without prejudice.

Finally, Plaintiff has filed a motion for summary judgment, and Defendants have filed a request for an extension of time to file a dispositive motion.  The Court also notes that Defendants have not responded to Plaintiff's motion for summary judgment.  Therefore, Defendants are directed to respond to Plaintiff's motion for summary judgment.  Having read and considered Defendants' ex parte request and the accompanying declaration of counsel, and good cause appearing, IT IS HEREBY ORDERED that Defendants' ex parte request for an extension of time is GRANTED.

## **CONCLUSION**

1. Plaintiff's motion for leave to file an amendment to the complaint (docket no. 7) is GRANTED.  The Clerk of the Court is directed to file the document attached to Plaintiff's motion, which is labeled "First Amended Complaint," and docket the aforementioned document as Plaintiff's First Amended Complaint.  The Clerk is further directed to mark the First Amended Complaint as filed on September 11, 2008, the date it was received by the Court.

2. The Court finds that Plaintiff's First Amended Complaint sufficiently states a cognizable conspiracy claim under § 1983 against Defendants Williams, Zavala, Hedgpeth, Winn and Traynham.  Defendants shall refer to the Court's September 4, 2008 Order as the other claims in the First Amended Complaint.

3. The conspiracy claims against Defendants Wikoff and Scribner as well as the supervisory liability claims against Defendants Lamarque and Grannis are DISMISSED without prejudice and without further leave to amend.

4. The time in which Defendants may file their dispositive motion and respond to Plaintiff's motion for summary judgment will be extended up to and including **February 27, 2009.** Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date Defendants' motion is filed. If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed. In addition, if Plaintiff wishes to file a reply brief to Defendants' opposition to his motion for summary judgment, he shall do so no later than **thirty (30) days** after the date Defendants' opposition is filed.

5. This Order terminates Docket nos. 7 and 19.

IT IS SO ORDERED.

DATED: 12<u>18</u>/08

                                                  *Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Johnson5578.dismissCLAIMS&pendMOTS.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GARRISON S JOHNSON,

        Plaintiff,

v.

G ZAVALA et al,

        Defendant.

Case Number: CV07-05578 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Garrison S. Johnson D59672
California Correctional Institution
P.O. Box 1906
Tehachapi, CA 93581

Dated: December 19, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Johnson5578.dismissCLASIMS&pendMOTS.wpd