IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARRISON JOHNSON, | ) | No. C 07-5578 SBA (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| v. | ) | |
| | ) | |
| G. ZAVALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket Nos. 9, 29 & 37) |

## INTRODUCTION

Plaintiff Garrison Johnson, who is a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. §§ 1983 & 1985, in which he alleges that officers and employees of the Salinas Valley State Prison ("SVSP") violated his constitutional rights. Defendants have filed have a motion for summary judgment. For the reasons set forth below, the Court finds that Plaintiff has not shown that there are genuine issues as to any material fact as to his claims against Defendants. Accordingly, the Court GRANTS the motion for summary judgment.

## BACKGROUND

The following facts appear to be undisputed. This action arises from Plaintiff's transfer from SVSP's general population facility B ("Facility B") to general population facility C ("Facility C") in September 2003. In 2003, Plaintiff was a Correctional Clinical Case Management System ("CCCMS") inmate in Facility B. CCCMS is one of the level of care for prisoners with mental-health conditions. CCCMS inmates are provided with individual therapy, case management, medication management, and may be included in group therapy if it is clinically indicated and appropriate.

In early 2003, Plaintiff was treated by Defendant Williams, a psychologist, in Facility B. At the time, Defendant Williams was the only psychologist treating mentally ill inmates in Facility B, making his caseload extremely heavy.

In April 2003, Plaintiff sued Defendant Williams alleging professional negligence, malpractice, and deliberate indifference to Plaintiff s medical needs. Plaintiffs complaint against Williams was dismissed in its entirety on September 20.

According to Defendants, as a result of the lawsuit, Defendant Williams was advised to have no contact with Plaintiff during the litigation. Staff determined that because of the lawsuit and the heaviness of Williams's caseload, Plaintiff would be unable to program in Facility B and should receive his psychological services Facility C, pending Plaintiff's transfer to another institution. The parties agree that on or around September 10, 2003, Plaintiff was temporarily transferred to Facility C. In November 2004, Plaintiff was transferred from SVSP to Corcoran State Prison.

Plaintiff alleges that while he was housed in Facility C he received access to the recreation yard only two to three times a week, while in Facility B he had received five days of access. (Am. Compl. ¶ 20.)[1] Plaintiff further alleges that in Facility C he is not allowed "dayroom activities," to which he had access when he was housed in Facility B. (Id.)

Plaintiff brings the following claims in his first amended complaint:
(A) Defendants retaliated against Plaintiff for filing his lawsuit against Defendant Williams, thereby violating his First Amendment rights; (B) Defendants violated his right to procedural due process by failing to give him written notice of the transfer and a hearing on the matter; and (C) Defendants conspired to interfere with Plaintiff's exercise

---

[1] Plaintiff filed a second amended complaint. However, pages of the second amended complaint are missing, and with them, some of Plaintiff's claims. Accordingly, the Court will regard Plaintiff"s first amended complaint, Docket No. 27, as the operative complaint in this action.

2

of his civil rights.  (Am. Compl. ¶¶ 34-42.)

## DISCUSSION

### I. Standards of Review

#### A. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248.  It is not the task of the court to scour the record in search of a genuine issue of triable fact.  Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment.  Id.  If the

nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

**II.   Analysis**

   **A.   Alleged Retaliation**

Plaintiff claims that his transfer was arranged in retaliation for Plaintiff's exercising his First Amendment right to bring suit against Defendant Williams. (Am. Pet. ¶ 35.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). A plaintiff need not demonstrate that his speech actually was inhibited or suppressed; rather, the proper inquiry is whether the official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. See Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999.)

Applying these legal principles to the instant action, the Court concludes that Plaintiff has not shown evidence that precludes summary judgment. Specifically, Plaintiff has not shown that Defendants' actions would chill or silence a person of ordinary firmness. Assuming for purposes of this order only that Plaintiff's factual allegations are true, Defendants' actions reduced Plaintiff's yard time a few days, and forbade him the use of the day room activities. The Court cannot say that these alterations in Plaintiff's daily schedule would chill a person of ordinary firmness from exercising his constitutional rights, especially considering that the transfer resulted in a reduction, not an elimination, or near elimination, of his yard time. Also, Plaintiff fails to detail what day room activities he was deprived of, and specifically how their deprivation would chill or silence

4

a person of ordinary firmness from exercising a constitutional right. Because of this, the Court is unable to assess whether the deprivation of these activities would chill a person of ordinary firmness from exercising his constitutional rights. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to this claim.

### B.     Alleged Procedural Due Process Violation

Plaintiff claims that Defendants violated his right to procedural due process when they failed to provide him with adequate notice and a hearing prior to transfer. (Am. Compl. ¶ 38.)

A non-consensual transfer is not per se violative of either due process or equal protection rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976).

Applying these principles to the instant matter, the Court concludes that Plaintiff has not shown evidence that precludes summary judgment. As the above authorities attest, Plaintiff has no procedural due process right to notice and a hearing prior to a transfer. Therefore, Defendants' transfer of Plaintiff did not violate Plaintiff's rights. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to this claim.

### C.     Alleged Conspiracy

Plaintiff claims that Defendants conspired to deprive him of his due process rights by their retaliatory action of transferring him. (Am. Compl. ¶ 41.)

"The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000) (citation removed).

Prisoners have no constitutional right to incarceration in a particular institution.

5

See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225).

Applying these legal principles to the instant matter, the Court concludes that Plaintiff has failed to present evidence that precludes summary judgment. Specifically, Plaintiff has failed to show that he has a right to the equal protection against being transferred. As the above cited authorities attest, an inmate's transfer by itself does not violate the Constitution. On this record, the Court GRANTS Defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Docket No. 29) is GRANTED as to all claims against all Defendants. Plaintiff shall take nothing by way of his complaint.

Plaintiff's motion for summary adjudication (Docket No. 9) is DENIED. Plaintiff's motion to refer the action for telephonic mediation (Docket No. 37) is DENIED AS MOOT.

This order terminates Docket Nos. 9, 29 & 37.

The Clerk of the Court shall enter judgment in favor of Defendants, terminate all pending motions, and close the file.

**IT IS SO ORDERED**.

DATED: 8/31/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GARRISON S JOHNSON,

        Plaintiff,

  v.

G ZAVALA et al,

        Defendant.

                      Case Number: CV07-05578 SBA

                      **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Garrison S. Johnson D59672
Kern Valley State Prison (KVSP)
P.O. Box 6000
Delano, CA 93216-6000

Dated: September 1, 2009

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.07\Johnson578.msj.md.wpd   7